UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UTILISAVE, LLC a/a/o NYU HOSPITALS CENTER

Plaintiff

-against-

SPARK ENERGY, L.P., and SPARK ENERGY GAS LP

Defendants
-----------------------------------------------------------------------X

Case No:

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 0 9 2010 ★

BROOKLYN OFFICE

**COMPLAINT FOR DAMAGES**

CV 10 - 5190

**JURY TRIAL REQUESTED**

GLASSER. J.

POHORELSKY, M.J

NYU Hospitals Center, by its attorney, ROMAN LEONOV, ESQ., complaining of the Defendants, upon information and belief, alleges as follows:

## PARTIES

1)      NYU Hospitals Center, from hereinafter referred to as "NYUHC", is a domestic non-for-profit corporation organized and existing under the laws of the State of New York having its principal place of business in the State of New York, county of New York.

2)      UtiliSave, LLC, form hereinafter referred to as "UtiliSave" , is a Limited Liability Company organized and existing under the laws of the State of Delaware and is authorized to do business in the State of New York.

3)      UtiliSave maintains its principal offices in the State of New York, Kings County.

4)      UtiliSave is in the business of providing utility bill audit services to its clients.

5)      NYUHC is one of UtiliSave's clients and has been receiving such services.

6)      UtiliSave has standing to bring this lawsuit as agent of NYUHC pursuant to a written authorization issued by NYUHC granting UtiliSave permission to bring this action as its authorized agent. (See Exhibit "A")

7)      Defendant Spark Energy, L.P. from hereinafter referred to as "SELP", is a partnership organized and existing under the laws of the State of Texas.

8)      Defendant Spark Energy Gas LP, from hereinafter referred to as "SEGLP", is a partnership organized and existing under the laws of the State of Texas.

## JURISDICTION AND VENUE

9)      No partner or member of Defendants SELP or SEGLP is a citizen of the State of New York.

10)     The president and other partners or members of both Defendants are citizens of the State of Texas, therefore, making both Defendants citizens of the State of Texas.

11)     This action is brought for an over $75,000.00.

12)     Because both Defendants are partnerships with no partner or member being a citizen of the State of New York and the Plaintiff and its assignee UtiliSave are both citizens of the State of New York and because the amount in controversy is over $75,000.00, jurisdiction is proper pursuant to 12 USC § 1332.

13)     Further, because a substantial part of relevant events occurred within the judicial district, the venue selected is also proper.

## FACTS

14)     Defendants SELP and SEGLP are involved in the business of commodity sales such as gas and electricity and are known as energy service companies (from hereinafter referred to as "ESCO").

15)     In New York State, the public service commission governs the operation of ESCOs.

16)    The public service commission set forth a set of rules known as uniform business practices (from hereinafter referred to as "UBP").

17)    The business of an ESCO involves sales of electricity and other commodities to customers upon customer's authorization and agreement.

18)    After such an agreement is effectuated, the ESCO delivers the desired commodity to customers via a local distributing company (from hereinafter referred to as "LDC").

19)    While the LDC charges for the delivery portion, the customers pay the ESCO a separate portion for the commodity itself, which is sometimes included within the LDC's bill.

20)    In this case, the LDC which the ESCO Defendants have been using to deliver electricity and gas has been Con Edison.

21)    As ESCOs, Defendants are subject to the UBP set forth by the public service commission.

22)    The UBP governs operations of ESCOs including the Defendants and sets forth several rules governing their conduct.

23)    Prior to becoming an active ESCO, in their application, the Defendants had to expressly confirm that they will follow the rules set forth in the UBP.

24)    The UBP defines "slamming" as "enrollment of a customer by an ESCO without authorization".

25)    The UBP defines "cramming" as " the addition of unauthorized charges to a customer's bill".

26)    Around March 2006, without any authorization, order, desire or intent of NYUHC, Defendants began servicing about 30 of NYUHC's electricity and gas accounts.

27)   Said service has been started in bad faith and with the malicious intent of siphoning money from NYUHC.

28)   Throughout the period of this unauthorized service, the Defendants provided inappropriate services, added improper charges to NYUHC's bills and overcharged for the electricity, gas and sales tax for which NYUHC is not responsible for.

29)   As such, NYUHC has suffered damages of over $500,000.00.

30)   As a result of UtiliSave's audit of NYUHC's accounts, it became apparent that said damages were a direct result of Defendants' wrongful conduct.

31)   Furthermore, the amount mentioned in this complaint applies only to those accounts of NYUHC which are currently known to UtiliSave. UtiliSave is in the process of obtaining information on other NYUHC's accounts which have been serviced by the Defendants. In the event the discovered information leads to show that NYUHC has in fact suffered more damages than are currently being sought, UtiliSave will amend this complaint to reflect the correct amount.

## AS AND FOR THE FIRST CAUSE OF ACTION – UNJUST ENRICHMENT

32)   NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

33)   NYUHC has never entered into any written or oral agreement with the Defendants.

34)   The Defendants have billed NYUHC's accounts for electricity and gas which resulted in NYUHC overpaying more than $500,000.00 for said services and commodities.

35)     The amount of services and commodities NYUHC has received is therefore diminished by said amount and thus, resulted in Defendants' unjust enrichment of over $500,000.00 which exceeds the jurisdiction of any lower Court.

## AS AND FOR THE SECOND CAUSE OF ACTION - SLAMMING

36)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

37)     In or around March 2006, Defendants began servicing about 35 of NYUHC's electrical accounts without any authorization, contract or good faith reason.

38)     Pursuant to the UBP, the Defendants "slammed" the NYUHC.

39)     But for Defendants conduct, NYUHC would have remained with their then-current electrical and gas provider and would not have suffered said damages or, in the alternative, would have the ability to switch to another ESCO in order to obtain a more competitive rate and better service.

40)     As a result of said "slamming", NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

## AS AND FOR THE THIRD CAUSE OF ACTION - CRAMMING

41)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

42)     After Defendants began servicing NYUHC's electrical accounts in or around March 2006, they have been adding inappropriate charges to NYUHC's bills.

43)    Pursuant to the UBP, the defendants were "cramming" the NYUHC.

44)    But for Defendants conduct, NYUHC would have remained with their then-current electrical and gas provider and would not have suffered said damages or, in the alternative, would have the ability to switch to another ESCO in order to obtain better service and proper billing.

45)    As a result of said "cramming", NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

### AS AND FOR THE FOURTH CAUSE OF ACTION – PUNITIVE DAMAGES

46)    NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

47)    When Defendants switched NYUHC's accounts over in or around March 2006, they were fully aware that they had no authority to do so.  Thus, they did so with full intent and knowledge of their wrongful actions.

48)    Further, when Defendants were overbilling the NYUHC, they were doing so with bad intent and knowledge of their wrongful actions.

49)    Defendants conduct was of sinister intent with malice aforethought aimed to obtain an enormous financial benefit by depriving a non-for-profit organization of necessary funds.

50)    Defendants' actions were not a mistake of a novice ESCO participant, oversight, or an accident, as the Defendants possess sophistication and business acumen within their trade which cannot be overstated.

51)     Because Defendants intentionally and in faith switched NYUHC's accounts without authorization, overbilled for services and added improper charges, NYUHC is entitled to punitive damages to punish Defendants for wanton and reckless conduct along with malicious acts to protect society against similar acts.

52)     As such, NYUHC seeks $1,000,000.00 in additional punitive damages, or, if the Court deems it proper, to an amount of punitive damages determined by the Court.

53)     Hence, the Defendants are liable to the NYUHC in the amount of $1,000,000.00 for punitive damages, together with costs and disbursements.

### AS AND FOR THE FIFTH CAUSE OF ACTION – MONEY HAD AND RECEIVED

54)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

55)     In receiving payment from NYUHC through ConEd, Defendants received money belonging to NYUHC.

56)     Defendants benefitted from receipt of said money.

57)     Defendants received said money as a result of deceiving business practices and acts of bad faith.

58)     As such, principals of equity and good conscience dictate that the money should not be kept by the Defendants.

59)     As a result of such actions of the Defendants, NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

## AS AND FOR THE FIFTH CAUSE OF ACTION – DECEIT

60)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

61)     In switching NYUHC's accounts, Defendants made false affirmations.

62)     Such affirmations were made with scienter and intent to defraud NYUHC.

63)     As a result, NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

64)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

65)     Defendants had knowledge that NYUHC were in contract with another electrical provider.

66)     Defendants had said knowledge because information regarding various electrical providers is readily available to ESCO's and, Defendants used said information in order to switch NYUHC's accounts over for Defendants' own benefit and service.

67)     Without reasonable justification, excuse or authorization of NYUHC, Defendants caused said contract to become ineffective by "slamming" and switching NYUHC's for service by the Defendants.

68)     As a result, NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

## AS AND FOR THE SEVENTH CAUSE OF ACTION –INTERFERENCE WITH ECONOMIC ADVANTAGE

69)     NYUHC repeats, reiterates and re-alleges each and every allegation contained in the previous paragraphs of this complain with the same force and effect as though the same were more fully set forth at length herein.

70)     NYUHC had a business relationship with another electrical provider and has been receiving electricity at an agreed upon rate.

71)     By switching NYUHC's electrical accounts for service by the Defendants without any desire or authorization of NYUHC, Defendants interfered with business relations of NYUHC and their then-current electrical provider.

72)     Defendants acted with the sole purpose of harming NYUHC and the business relationship between NYUHC and the other electrical provider and used dishonest, unfair and improper means in doing so since neither NYUHC nor its authorized agents ever consented to, asked for or desired to be switched to Defendants for supply of electricity.

73)     Further, Defendants' conduct was dishonest and unfair because no contact was made with NYUHC or its authorized representatives to offer Defendants' services but, Defendants nevertheless chose to act without authorization for the very sole purpose of harming NYUHC.

74)     Defendants' conduct of providing unasked services to NYUHC, overcharging NYUHC for services and fees it is not responsible for is certainly conduct showing improper means of conduct by the Defendants.

75)     As a result, NYUHC suffered damages of over $500,000.00 which exceeds the jurisdiction of any lower Court, together with costs, disbursements and interest.

WHEREFORE, Utilisave LLC, acting as an authorized agent of New York University Hospital Center, demands judgment against the Defendants in an amount of over $500,000.00 which is to be more precisely determined at trial, together with punitive damages in the amount of $1,000,000.00, costs, interest, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 20, 2010

Roman Leonov, Esq. (RL 1452)
Attorney for the Plaintiff
111 John Street, Suite 800
New York, NY 10038
(212) 518-1503

## ATTORNEY VERIFICATION

State of New York   )
                  ) ss.:
County of New York  )

      **ROMAN LEONOV, ESQ.**, being duly sworn, deposes and says:

      Affirmant is General Counsel to Utilisave LLC, which is a corporation created under and by virtue of the laws of the State of Delaware and which is authorized to do business in the state of New York.

      Affirmant has read the foregoing Verified Complaint of Utilisave LLC., and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein alleged upon information and belief, and those matters deponent believes them to be true.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's own knowledge are as follows:

      Books and records maintained by Utilisave LLC, conversations with it's presidents, and review of records.

      Affirmant further states the reason this verification is made by affirmant and not by the Plaintiff officers is because Plaintiff resides outside the county in which your affirmant's office is located.

                               _____
                                 Roman Leonov, Esq. (RL 1452)
                                 General Counsel to UtiliSave LLC