UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

UTILISAVE, LLC a/a/o NYU HOSPITALS
CENTER,

                    Plaintiff,


          -against-                                    MEMORANDUM AND ORDER
                                                          10 - CV - 5190
SPARK ENERGY, L.P. and SPARK
ENERGY GAS, LP,

                    Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge


## Introduction

Plaintiff, Utilisave, LLC ("Plaintiff" or "Utilisave") brings this action, based on

diversity of citizenship pursuant to 28 U.S.C. § 1332, against Defendants Spark Energy,

L.P. and Spark Energy Gas LP (collectively, "Defendants" or "Spark Energy") as the

agent of NYU Hospitals Center ("NYUHC"). Before the Court is the Defendants' motion

to dismiss and request for permission to seek sanctions.[1]

---

[1] Defendants filed the motion to dismiss on January 21, 2011. After multiple extensions to respond were given to Plaintiff, Defendants filed a letter dated March 28, 2011 requesting the Court to consider the motion to dismiss given Plaintiff's failure to timely respond, and seeking permission to file a request for attorneys' fees and costs. (Defs. Letter, Document # 15.) Utilisave responded by letter dated April 4, 2011 asking the Court to deny the Defendants' request for fees and to either allow it to file opposition papers or to dismiss the action. The Court will treat Plaintiff's response letter as its response to Defendants' motion to dismiss.

## Background

Utilisave is a Delaware Limited Liability Company that is in the business of providing utility bill audit services to its clients. (Compl. ¶ 4.) NYUHC, a New York not-for-profit corporation, is one of the Plaintiff's clients. (Id. at ¶ 5.) Upon auditing NYUHC's utility accounts, Utilisave alleges that it discovered that Spark Energy, a Texas energy service company, illegally enrolled NYUHC as a customer without authorization and also illegally added additional charges to NYUHC's utility bill. (Id. at ¶¶ 24-25, 31.) Pursuant to written authorization from NYUHC permitting Utilisave to act as its authorized agent,[2] Utilisave then brought this action against the Defendants alleging numerous causes of action under New York law and damages sustained by NYUHC of over $500,000. (Id. at ¶ 29.)

Spark Energy filed this motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 8(a), 9(b) and 12(b)(1). Relevant here is Defendants' motion under FRCP 12(b)(1) arguing that this Court does not have subject matter jurisdiction because the Plaintiff lacks the standing to sue required under Article III of the Constitution. Because the Court agrees that Utilisave does not have standing, it does not reach the merits of the action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

---

[2] The agency agreement between NYUHC and Utilisave states in relevant part:

> This letter will confirm that NYU Hospitals Center authorizes Utilisave, LLC to act as its agent in pursuing litigation against Spark Energy for slamming NYU Hospitals and subsequently overcharging electricity as compared to Con Edison.

> All litigation costs will be borne by Utilisave. Utilisave will earn its Fee based on the savings it recovers from Spark Energy. (Pl. Letter Apr. 4, 2011, Ex. 2.)

remaining to the court is that of announcing the fact and dismissing the cause.") (citing Ex parte McCardle, 7 Wall. 506, 514 (1868)).

## Discussion

<u>Standing</u>

Article III, § 2, of the Constitution limits federal "judicial power" to "Cases" and "Controversies," and that requirement is only fulfilled where a plaintiff has standing. Sprint Communcations Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (U.S. 2008). Standing requires that a plaintiff meet three "irreducible" elements—injury-in-fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To meet the injury-in-fact requirement, a plaintiff must show that he personally suffered an injury. Id. at 560 n.1.

Utilisave has not alleged that it suffered any injury itself, rather it alleges it has standing to sue as NYUHC's "authorized agent." (Compl. ¶ 6.) However, NYUHC's grant of authorization to commence this action against the Defendants is not sufficient to confer standing. The Second Circuit has clearly declared that a mere agency relationship, without an assignment of a claim, is insufficient to meet the constitutional injury-in-fact requirement. W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 107 (2d Cir. 2008) (citing Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 773 (2000). "A provision by which one person grants another the power to sue on and collect on a claim confers on the grantee a power of attorney with respect to that claim," but "[t]he grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and standing alone, a power of attorney does

3

not enable the grantee to bring suit in his own name." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 17-18 (2d Cir. 1997); see also W.R. Huff, 49 F.3d at 108 (holding that "a mere power-of-attorney—i.e. an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor—does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim.") (internal citation omitted).

Here, the agency agreement in question authorizes Utilisave "to act as [NYUHC's] agent in pursuing litigation against Spark Energy . . . ." (Pl. Letter Apr. 4, 2011, Ex. 2.) While it does create a power of attorney, this agreement does not constitute an assignment of NYUHC's claims, and without an agreement transferring ownership of the claims, Utilisave cannot show it has the required standing to bring this action.


Sanctions

Addressing Defendants' request for permission to file a motion for attorneys' fees and costs under FRCP 11, the Court finds that there is no adequate basis for sanctions against the Plaintiff here. FRCP 11(b) states in pertinent part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed.R.Civ.P. 11(b).

Sanctions under FRCP 11 "should only be imposed 'where it is patently clear that a claim has absolutely no chance of success.'" Jeffreys v. Rossi, 275 F.Supp.2d 463 (S.D.N.Y. 2003) (quoting Healey v. Chelsea Res., Ltd., 947 F.2d 611, 626 (2d Cir. 1991). The imposition of monetary sanctions is discouraged "where conduct does not reach clear abuse." Krauth v. Executive Telecard, Ltd., 870 F.Supp. 543, 548 (S.D.N.Y. 1994). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness." Storey v. Cello Holdings, LLC, 347 F.3d 370, 387 (2d Cir. 2003). Whether an attorney's conduct was unreasonable should not be determined based on hindsight, but rather on the basis of what was objectively reasonable to believe at the time the pleading was submitted, Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011-12 (2d Cir. 1986), and all doubts must be resolved in favor of the signer. Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993).

The record before the Court does not support the imposition of sanctions. With regard to the complaint, dismissed above, it appears that the Plaintiff was aware of, and tried unsuccessfully to cure, the deficiencies in the action after they were brought to the Plaintiff's attention. There was nothing egregious enough in Plaintiff's conduct to be considered sanctionable.

**Conclusion**

For the foregoing reasons, the motion to dismiss the complaint under FRCP 12(b)(1) is GRANTED and permission to file a motion for attorneys' fees pursuant to FRCP 11 is DENIED.

SO ORDERED.

Dated:        Brooklyn, New York
              May 31, 2011

                                    _____/s/_____

                                    I. Leo Glasser
                                    United States Senior District Judge